No. 98-357

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 29N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

TIM BROOKS,

Defendant and Appellant.

APPEAL FROM: District Court of the Fifth Judicial District,

In and for the County of Beaverhead,

The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Tim Brooks, Glen, Montana (*pro se*)

For Respondent:

Joseph P. Mazurek, Montana Attorney General, Carol Schmidt, Assistant Montana Attorney General, Helena, Montana; Thomas R. Scott, Beaverhead County Attorney, Dillon, Montana

Submitted on Briefs: January 13, 2000

Decided: February 1, 2000

Filed:

_____

Clerk

Justice James. C. Nelson delivered the Opinion of the Court.

¶1.Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2.Tim Brooks (Brooks), *pro se*, appeals from the Findings of Fact, Conclusions of Law, Judgment and Sentence of the Fifth Judicial District Court, Beaverhead County, filed February 19, 1998. Following a January 13, 1998 bench trial, *de novo*, from Beaverhead County Justice Court, the District Court found Brooks guilty of three misdemeanor counts of swearing or affirming falsely for resident big game (combination) license and one misdemeanor count of swearing or affirming falsely for a resident big horn sheep or goat license, all in violation of § 87-2-106, MCA. The District Court fined Brooks a total of $3,360 and suspended his hunting and trapping privileges for a total of six years from the date of the first citation on April 21, 1994. Brooks timely appealed. We affirm.

## Background

¶3.On appeal, Brooks raises four issues:

¶4. Whether he was denied due process under Article II, Section 17 of the Montana Constitution because he did not have an opportunity to question evidence that contributed to his conviction.

¶5. Whether the District Court erred in interpreting § 87-2-102(2)(b), MCA (1993), as having a timely tax filing requirement.

¶6. Whether § 87-2-102(2)(b), MCA (1993), is unconstitutionally vague.

¶7. Whether there was sufficient evidence to support his conviction.

¶8.Brooks argues all of the above issues in his opening brief on appeal. However, in his reply brief to the State's response brief, Brooks states that he wishes "to continue with only the following issue on appeal: Whether [his] constitutional right to due process of law was violated concerning the issue that [he] was not given an opportunity to question evidence that contributed to [his] guilt, concerning all four convictions."

¶9.Accordingly, Brooks having abandoned his issues two, three and four, we will only address issue one.

## Discussion

¶10.Brooks contends that he was denied due process of law under Article II, Section 17 of the Montana Constitution because the District Court examined and considered a computer printout from the Montana Department of Motor Vehicles pertaining to one of his vehicles that was registered in Montana at the time the citations were issued against him. Brooks contends that this document was not entered in evidence in the District Court proceedings, although the document was included in the Justice Court file that was transferred to the District Court for Brooks' trial *de novo*.

¶11.It appears that Brooks' attorney entered this particular document into evidence in the Justice Court proceedings and, as required under § 25-33-104, MCA, the Justice Court file, including a copy of the docket, pleadings, all notices, motions, and other papers filed in the Justice Court cause, was transferred to the District Court when Brooks appealed the Justice Court's rulings.

¶12.The threshold problem with Brooks' argument, however, is that he did not raise this constitutional issue in his appeal to the District Court.

¶13.We have consistently held that in a direct appeal, the defendant is limited to those issues that were properly preserved in the District Court. *State v. Lafley*, 1998 MT 21, ¶ 26, 287 Mont. 276, ¶ 26, 954 P.2d 1112, ¶ 26. In point of fact, § 46-20-104(2), MCA, provides that:

Upon appeal from a judgment, the court may review the verdict or decision and any alleged error objected to which involves the merits or necessarily affects the judgment. Failure to make a timely objection during trial constitutes a waiver of the objection except as provided in 46-20-701(2).

¶14.While tacitly conceding that he did not raise his claim of denial of due process in District Court, Brooks nevertheless contends that we should address this issue on appeal under the provisions of § 46-20-701(2)(c), MCA. This statute provides an exception to the provisions of § 46-20-104, MCA, where the claim of error affects jurisdictional or constitutional rights and the convicted person establishes that the error was prejudicial as to the convicted person's guilt or punishment and, among other things, that material and controlling facts upon which the claim is predicated were not known to the convicted person or the convicted person's attorney and could not have been ascertained by the exercise of reasonable diligence.

Section 46-20-701(2)(c), MCA.

¶15.We disagree with Brooks' argument. Since the vehicle registration of which Brooks complains was entered into evidence in the Justice Court proceedings and was included in the Justice Court file transferred to the District Court, Brooks cannot now claim that he was unaware of the document. Notwithstanding Brooks' objection to the District Court considering the document which was a part of the Justice Court file and any confusion that the document might have created, he had every opportunity to clarify the document during his trial in the District Court or alternatively to request the District Court not consider the document. Brooks failed to do so and, accordingly, has waived this claim of error on appeal. Accordingly, we decline to address the merits of Brooks' first issue.

¶16.Affirmed.[1]

/S/ JAMES C. NELSON

We Concur:

S/ KARLA M. GRAY

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

1. On January 6, 2000, the State filed its "Objection to Portions of Appellant's Reply Brief and Motion to

Strike." Given our decision, the State's motion is moot.